**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIVIAN DIETZ-CLARK,

        Plaintiff-Appellant,

v.

HDR, INC.; HDR LTD INC. PLAN;
UNITED OF OMAHA LIFE
INSURANCE CO.,

        Defendants-Appellees.

No. 15-35889

D.C. No. 3:15-cv-00035-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 15, 2017
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Vivian Dietz-Clark appeals the district court's order dismissing her civil

enforcement action under section 502 of ERISA, 29 U.S.C. § 1132, for failure to

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly declined to apply Alaska's notice-prejudice rule to the administrative appeals deadline here. First, because Alaska's notice-prejudice rule is not limited to state insurance law, *see Long v. Holland Am. Line Westours, Inc.*, 26 P.3d 430, 435-36 (Alaska 2001) (applying rule to contractual limitations restricting personal injury claims resulting from certain tour-related accidents), the rule does not meet the ERISA definition of state regulation of insurance necessary to avoid ERISA preemption, 29 U.S.C. § 1144(b)(2)(A). ERISA preemption therefore applies. *See UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 368 (1999) (holding that California's notice-prejudice rule is not subject to ERISA preemption because the rule "is directed specifically at the insurance industry and is applicable only to insurance contracts" (citation and internal quotation marks omitted)).

Second, even assuming that Alaska's notice-prejudice rule is not subject to ERISA preemption, such a rule typically applies only to initial denial of benefits. There is no case applying Alaska law that has extended the rule to administrative appeal deadlines like the one here.

**AFFIRMED.**